## JUDD *v.* BABCOCK and another.

(*Circuit Court, D. Connecticut.* August 6, 1881.)

**1. RE-ISSUE No. 8,672—SASH SUPPORTERS—INFRINGEMENT.**

Re-issued letters patent No. 8,672, granted April 15, 1879, to Charles A. Schaefer, for improvement in sash supporters, the original patent being No. 64,910, granted May 21, 1867, *held, not infringed* by devices constructed under letters patent No. 82,580, granted September 28, 1868, to Franklin Babcock, for sash holder.

Complainant's sash supporter, consisting of a cylindrical screw-case secured in position in the window-jamb, with a longitudinally-moving flat-sided plunger fitting into a flat-sided bearing in the case, having a pulley at its outer end bearing against the sash, and operated by a spiral spring, *held, not infringed* by defendants' sash-holder consisting of a cylindrical screw-case secured to the window frame, a plunger operated by a spring and having a shoulder on it outer end to fit in notches cut in the edge of the sash and support the window at certain heights.

**2. INVENTOR—APPLICATION OF OLD DEVICE TO NEW USE.**

An inventor who first applies an old device to a new use is not entitled to the exclusive use of such device when applied in other and not analogous mechanisms to produce a new effect.

*Charles E. Mitchell,* for plaintiff.

*William E. Simonds,* for defendants.

SHIPMAN, D. J. This is a bill in equity, founded upon the alleged infringement of re-issued letters patent granted April 15, 1879, to Charles A. Schaefer, assignor to the plaintiff, for an "improvement in sash supporters."

The original patent was granted to Schaefer May 21, 1867. In the original specification the invention was styled "a spring and friction roller for regulating sash," and the patentee says:

" The object of my invention is to provide means for holding loose sash in window frames in such a manner as to prevent a lateral motion, which frequently renders the common sash spring inoperative, and otherwise produces a disagreeable rattling noise, and its nature consists in the use of a cylindrical screw turned into the jamb casing, and having fitted into its cavity the shank of a pulley-fork operated by a spiral spring. By this arrangement a convenient device is provided for holding sash in position to be easily run up and down in the frame, and also press the sash against that side to which the lock is put on."

The specification, in describing the method of adjusting the device in the window jamb, also says:

"A hole, of suitable size, must be made in the jamb casing, after which the cylinder, A, can be turned in, by means of a common wrench, to such a depth as will allow the full force of the spring, I, to press the roller, *d*, against sash, *n*, and permit the shank, *c*, to have a backward longitudinal motion for overcoming the inequality of the width of sash. This can be easily done by turn-

ing the cylinder, A, in or out, as the nature of the case may require. It will be seen, from this description, that provision is made for adjusting roller, *d*, by means of screw cylinder, A, not heretofore used, and prevent too great a longitudinal motion of shank, C.

"The claim was for the combination of the screw cylinder, A, shank, C, spring, I, and fork, *c*, with the roller, *d*, substantially as and for the purpose set forth."

The re-issue, taking advantage of the expression in the original, "screw cylinder, A, not heretofore used," says that—

"The invention consists in the cylindrical screw-case, adapted to be placed and secured in position by screwing it into the jamb casing; also, in the combination, with said case, of a longitudinally-moving and flat-sided plunger, fitted into a flat-sided bearing in said case; also, in a general combination of parts, all as hereinafter described."

The claims are three in number, of which the first and second are as follows:

"(1) In a sash supporter, the cylindrical case having a screw-thread on its periphery, an internal longitudinal spring-chamber, and two bearings for the plunger, substantially as described, and for the purpose specified. (2) In a sash supporter, the cylindrical case having an external screw-thread and two plunger bearings, one of which is flat sided, in combination with the longitudinal plunger, fitted to said flat-sided bearing, and having, also, a projecting end of corresponding form, adapted to receive a wrench for turning the case to screw it into the jamb, substantially as described, and for the purpose specified."

The defendants manufacture, under letters patent to Franklin Babcock, dated September 29, 1868, a window spring-catch for supporting a window at a certain height, or heights, the bolt to be held in notches cut in the edge of the sash. This device has "a cylindrical shell-case, having a screw on its outer periphery, for the purpose of screwing it fast to the window-frame." The patent says that all the several parts are old, and claims only the specified combination.

. The only question in the case is as to the infringement of the first, claim of the re-issue. The second claim is not infringed because the plunger must have the described roller or its equivalent.

This case shows the mischiefs which sometimes result from long-postponed re-issues with expanded claims. Schaefer invented in 1867 a device for preventing windows from rattling. It was to press against loose sash so as to prevent lateral motion, and so as to push the sash towards the side upon which the lock or fastener was placed. The claim of his patent was for the combination of the various parts. One of the defendants, who are manufacturers of builders' hardware, invented in 1868 a window-catch for holding up a window, and

among other old elements used the cylindrical case. The defendants have been manufacturing this article since that date. The plaintiff, a manufacturer in New Britain, bought the Schaefer patent, and had it re-issued in 1879. The spring-roller has become a sash supporter, the "shank of a pully-fork" has become "a longitudinally-moving and flat-sided plunger fitted into a flat-sided bearing," and the screw-cylinder has become a separate claim.

In considering the question whether the cylinder of the spring-catch is an infringement of the first claim of the re-issue, it must be remembered that Schaefer's "sash supporter" is simply a device to prevent lateral motion of loose window sash, and is not to be confounded with the ordinary window catch or sash fastener by reason of the general name which is given in the patent. Both articles are used upon a window, and both are screwed or fastened into a jamb-casing, but there is no analogy in the uses to which they are applied. The roller presses the sash against the catch; the catch holds up the window when it has been raised. Because Schaefer first applied his screw cylinder to a window friction-roller, he is not therefore entitled to the exclusive use of the cylinder when it is applied in other and not analogous mechanisms to produce a new effect. It cannot properly be said that the effect which was to be produced by each cylinder was simply to hold a plunger. Screw cylinders had been often used to ho d plungers before either Schaefer or Babcock made their invention, as the bell-pulls and hooks for blinds, which were used on the trial, show; but each screw cylinder was to hold a very different kind of plunger, used for a different purpose from that of its fellows. The effect which was to be produced by the socket of Babcock was to hold a bolt which should support and securely fasten a window, an effect very different from that produced by the Schaefer roller.

Had the original "friction-roller" patent contained the first claim of the re-issue, I think it would hardly have been contended that the claim covered all "fasteners" or "catches" in which such a socket should be used. The two articles, as a whole, are unlike, and the objects for which the cylinders are used are unlike.

There is no infringement, and the bill is dismissed.